# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with "Bridges Academy" that is<br>stored at Jupiter Ed, Inc. | )<br>)<br>)  Case No. 1:22MJ 532<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Pennsylvania_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 641 | Theft of Government Funds |

The application is based on these facts:
See affidavit of Special Agent George Moore

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ George Moore S. LPA
*Applicant's signature*

George Moore, Special Agent USDA-OIG
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or email *(specify reliable electronic means)*.

Date: 12/28/22

*Judge's signature*

City and state: Greensboro, North Carolina

Honorable L. Patrick Auld
*Printed name and title*

# ATTACHMENT A

This warrant applies to information associated with the electronic account(s) listed below. These accounts are stored at premises owned, maintained, controlled, or operated by Jupiter Ed, Inc., a company located at 614 S 4th St #314, Philadelphia, PA 19147.

- Bridges Educational Foundation, Inc.
  2587 Pleasant Ridge Road
  State Road, NC 28276 (the "Subject Account")

with linked users:

> Merry Lowe
>
> Shannon Pruitt
>
> Kimberly White
>
> Tom Miller

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

I. **Information to be disclosed by Jupiter Ed, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Jupiter Ed, Inc., regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Jupiter Ed, Inc., Jupiter Ed, Inc. is required to disclose to the government for each account or identifier listed in Attachment A the following information from June 1, 2014 to present, unless otherwise indicated:

a. The contents of all emails or messages associated with the accounts and/or users, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. The contents of all Grade Reports, Attendance Reports, Discipline Reports, Student Reports, Test Score Reports, and Student Billing Reports.

c. Any records related to attendance.

d. All records pertaining to communications between Jupiter Ed, Inc. and any person regarding the account, including contacts with support services and records of actions taken.

e. All records or other information showing the individuals who had access to the Subject Account.

## II. Information to be seized by the government

All information described above that constitutes evidence and instrumentalities of violations of 18 U.S.C § 641 (Theft of Government Funds) and 18 U.S.C § 1343 (Wire Fraud), involving the accounts and/or users listed in Attachment A for the period June 1, 2014 through present, in the following form:

a. Records, information, and/or communications referencing student enrollment at Bridges, including the number of students enrolled and the names, addresses, and other identifiers of the students.

b. Records, information, and/or communications referencing student enrollment information reported to DPI through PowerSchool.

c. Evidencing indicating who had access to the Subject Account for purposes of reviewing, submitting, and tracking student enrollment data.

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A WARRANT TO SEARCH AND SEIZE

I, George Moore, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Jupiter Ed, Inc. (hereinafter "Jupiter") to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the account (described more fully in Attachment A) for evidence (described in Attachment B). Jupiter is a remote computing service provider of educational records headquartered at 614 S 4th Street, #314, Philadelphia, Pennsylvania. The items to be searched are accounts linked with the Bridges Academy's account (the "Subject Account").

2. I have been employed as a Special Agent with the United States Department of Agriculture (USDA), Office of Inspector General (OIG) since March 2020. Prior to my employment with USDA, I was a Special Agent with the Internal Revenue Service (IRS) - Criminal Investigation for over five years, during which I investigated tax and other financial crimes. I worked with the IRS for over ten years in total dealing with criminal and civil matters. Before my federal service began in 2009, I served as a Police Officer with the East Carolina University Police Department in Greenville, North Carolina, and was promoted to Sergeant where I supervised approximately ten sworn and non-sworn personnel. In my capacity as a police officer, I enforced criminal laws within my jurisdiction and used various techniques to investigate crimes.

3. I attended training in various aspects of criminal investigation at the Federal Law Enforcement Training Center and the National Criminal Investigation Training Academy for Internal Revenue Service Special Agents, both located in Glynco, Georgia. I attended training in

evaluating electronic sources of information and conducting investigations in a cyber-environment. In addition, I attended training on the use of social media in investigations. Through studies at East Carolina University, I earned a Bachelor of Science in Business Administration with a concentration in accounting in 2004 and a Masters in 2009. I am a licensed Certified Public Accountant in the State of North Carolina.

4. As part of my duties as a Special Agent, I investigate matters involving USDA programs such as loan programs administered by USDA – Rural Development. I am familiar with the facts set forth herein based on my personal observations and information provided to me by other law enforcement personnel participating in this investigation. I am also familiar with the facts set forth based on my review of documents and reports.

5. As the purpose of this affidavit is only to establish probable cause to support the issuance of search and seizure warrants, I have not set forth each and every fact known concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.[1] The present affidavit provides information establishing probable cause to believe that the Subject Account contains evidence of violations of 18 U.S.C. §1343 – wire fraud and 18 U.S.C § 641 – Theft of Government Funds.

## CHARTER SCHOOLS IN NORTH CAROLINA

6. Charter schools are public schools of choice that are authorized by the North Carolina State Board of Education (SBE) and operated by an independent non-profit board of directors. State and local tax dollars are the primary funding sources for charter schools. Charter schools have open enrollment and cannot discriminate in admissions, associate with any religion

---

[1] This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).

or religious group, or charge-tuition. Charter schools operate with freedom from many of the regulations that govern district schools, but charter schools are held accountable through state assessment and accountability systems.

7. The non-profit operating the charter school must ensure the school is in compliance with all statutory and regulatory requirements, the school is financially solvent, academic programs are successful, and the school's programs are in compliance with the terms of the school's charter. The SBE, through various offices within the Nort Carolina Department of Public Instruction (DPI), monitor charter schools for compliance with laws and regulations.

8. Charter schools are required to report to SBE certain information concerning enrollment data, including the names, addresses, and student identification number of all enrolled students. Charter schools are required to report this information through a tool called PowerSchool. PowerSchool is the official student information system (SIS) that public and charter schools in the state are required to use. On September 1 of each year, or following the 20th day Average Daily Membership headcount, whichever is later, the charter school must report the above-described information in PowerSchool so that SBE can track enrollment numbers. The student enrollment report is a key factor in determining the amount of funds the charter school receives.

9. DPI is responsible for overseeing both public and charter schools. DPI administers annual state and federal public-school funds under the policy direction of the SBE.

## PROBABLE CAUSE

10. The United States Department of Education – Office of Inspector General (ED-OIG) and USDA-OIG are investigating the charter school, Bridges Academy (Bridges). Bridges' non-profit board, Bridges Educational Foundation, Inc., was founded on October 30, 1996. In 1997, Bridges began operating as a charter school (Bridges Academy). Bridges, now defunct, was

a rural-based charter school that served students form Surry, Wilkes, Yadkin and Alleghany counties. The school employed approximately 21 individuals and reported an average of 166 students annually.

11. Based upon the information detailed in this affidavit, there is probable cause to believe officers of Bridges submitted falsified student enrollment records to DPI, which in turn, resulted in Bridges receiving an excess of federal and state education funds that it was not otherwise entitled to. It is estimated that Bridges fraudulently received $404,971 in state education funds they were not entitled to for the 2020-2021 school year. Bridges also received at least $165,352 in federal education funds they were not entitled from fiscal years 2014 through 2021.

12. There is also probable cause to believe that officers of Bridges perpetuated another fraud in securing a $2,650,000 loan from Surry Bank and Trust for a new daycare and after school facility. The loan was backed by USDA-Rural Development (RD). Specifically, in evaluating the loan application, Surry Bank and Trust reviewed the existing cash flow of Bridges which reflected Bridges' receipt of excess state and federal funding stemming from its falsified student enrollment records. In approving the loan, Surry Bank and Trust noted that Bridges was able to service the debt with its current revenue sources. In backing the loan USDA-RD concluded the same. When the falsified student enrollment records came to light and Bridges shut down, the loan was foreclosed by Surry Bank and Trust and USDA suffered a loss of over $1,750,000.

13. The North Carolina Office of State Auditor (NCOSA) completed an Investigative Report dated April 2022. The report reflected NCOSA followed several procedures during their investigation including (1) interviewing Bridges personal and board of director members; (2) forensically examining Bridges computers and staff email; and (3) examining various documents. NCOSA concluded that Bridges falsified student enrollment records for the 2020 – 2021 school

year. Specifically, Bridges reported to DPI that it had 180 enrolled students in September 2020, however, 72 of the reported students were falsified and Bridges, in fact, only had 108 students.

14. Information contained in the NCOSA's report on Bridges revealed Bridges' officers and/or employees used two separate and distinct student information systems. In addition to PowerSchool (the required reporting system), Bridges purchased a second student information system—Jupiter—which required an annual renewal fee. Jupiter is a SIS that can be used by small charter schools and large school districts. The system is used for grades, attendance, referrals, homework, and messaging, amongst other features.

15. According to NCOSA's report, Bridges' Operations Director (Shannon Pruitt formally known as Shannon Caudill) and Finance Officer (Kimberly White) were responsible for falsifying the records. Specifically, Pruitt and White decided to purchase Jupiter to maintain accurate enrollment records and serve as the primary SIS for recording attendance, grades, and other routine information. Bridges in turn submitted inflated student enrollment records to DPI through PowerSchool. Staff access to PowerSchool was limited since that was the system used to falsify the enrollment records. According to NCOSA's report, the use of both Jupiter and PowerSchool allowed Pruitt and White to conceal the falsified student records and produce class rosters from Jupiter that were not questioned by other members of the Bridges staff.

16. NCOSA conducted interviews as part of its audit process. White reported that Pruitt did not want a newly-hired Principal to have access to PowerSchool. Pruitt reported that the scheme to inflate student enrollment began in 2013 or 2014. However, the NCOSA only analyzed the 2020-2021 academic school year.

## Probable Cause to Believe Records Used in Furtherance of Fraud are Stored by Jupiter

17. Bridges was closed at the end of the 2020 – 2021 school year. The Bridges Educational Foundation voluntarily relinquished its charter as of June 30, 2021. Numerous documents were turned over to DPI after Bridges closed. The documents have been secured in a locked room at DPI since that time. On December 13, 2022, special agents from ED-OIG were granted access to the files stored at DPI. A review of various documents included a folder labeled, "Attendance 2018-2019." The entire folder contained attendance records by teacher for varying time frames. All the records include a footnoted that includes the date and time the record was produced and ends, "by JupiterEd.com." This corroborates two separate student information systems were used by Bridges.

18. I learned through various sources that Merry Lowe, Shannon Pruitt formally known as Shannon Caudill, and Kimberly White were officers of Bridges. Until the Fall of 2020, Lowe was the principal of Bridges and considered the highest officer position, managing all aspects of the school's affairs. Pruitt was the Operations Director and White was the Finance Director A representative from Jupiter confirmed Lowe, Pruitt, White, and Tom Miller had accounts with Jupiter related to Bridges. The affiant is unsure of Miller's relationship to Bridges.

19. On December 13, 2022, in a telephone call with a representative from Jupiter, Jupiter verified that Bridges opened an account in approximately June 2014 for use in the 2014 – 2015 school year. The account was renewed on an annual basis including for the 2021 – 2022 school year; however, because the school closed in June 2021, the renewal fee was never paid, and account activity terminated.

20.     Jupiter's website states that it was "the first to develop an all-in-one Learning Platform and Student Information System, which [was] built from the ground up as a web-hosted service...."

## CONCLUSION

21.     Based on the above statements, I believe there is probable cause to find that violations of 18 U.S.C § 641 (Theft of Government Funds) and 18 U.S.C § 1343 (Theft of Wire Fraud) occurred, and that evidence of such violations (described in Attachment B) will be found in the electronic account maintained by Jupiter Ed, Inc.

22.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Jupiter to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

23.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Jupiter. Because the warrant will be served on Jupiter, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

24.     I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

/s/ George Moore by LPA
George Moore, Special Agent
USDA-OIG

_____ 12/28/22
L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina